IRONTON (City) v. CLARK.

Ohio Appeals, 4th Dist., Lawrence Co.

Decided July 12, 1928.

First Publication of This Opinion

Syllabus by Editorial Staff.

801. MUNICIPAL LAW—1104. Statutes.
Enactment of Municipal Code, held not to repeal city ordinance.

Error to Common Pleas.

Judgment affirmed.

FULL TEXT.

THOMAS, J.
Error is prosecuted to this court from a judgment of the Court of Common Pleas obtained by the defendant in error against the plaintiff in error for salary claimed to be due for services rendered in the capacity of city engineer of said city. It appears and it is admitted that the defendant in error was appointed to the position and rendered the services, but it is claimed that he was only an employe and that at the time no certificate had been filed showing that the money was to the credit of the fund from which he was to be paid as required by the "Burns Law." It is admitted that the office of City Engineer had been created by ordinance of the city council and which had not been repealed by the council at the time of appointment.

It is claimed on behalf of the city that the ordinance was repealed by implication when the new Municipal Code was enacted. We do not agree with counsel on this proposition. We are of the opinion that the ordinance was in full force and effect when the defendant in error was appointed, that he was an officer and that the provisions of the "Burns Law" do not apply to his appointment.

The judgment of the Court of Common Pleas is therefore Affirmed.

(Middleton, PJ., and Mauck, J., concur.)

---

LAKEWOOD CENTER CO. v. SWIMMER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8547. Decided June 18, 1928.

Syllabus by Editorial Staff.

703. LANDLORD & TENANT—639 Injunction—685. Justice of the Peace.
Proceedings before Justice of the Peace on landlord's complaint may be enjoined on ground that defenses are equitable.

Error to Common Pleas.

Judgment affirmed.

H. R. Hill, Cleveland, for Lakewood Center Co.
Reed & Hazelwood, Cleveland, for Swimmer.

FULL TEXT.

VICKERY, J.
This case came into this court on a petition in error to the Common Pleas Court of Cuyahoga County, the purpose being to reverse a judgment granting an injunction against the prosecution of a forcible entry and detainer case before the Justice Court in what was then Rockport Township in the City of Lakewood, Ohio.

It seems that Swimmer had leased the premises described in the petition from the plaintiff in error for a period of five years at a rental of One Hundred and Ten Dollars a month payable in advance, and that during the pendency of this lease the plaintiff had neglected in one particular instance to pay the rent promptly, but gave a check which was not cashed for want of funds, of which, we are informed, Swimmer had no knowledge, but thought that the rent had been paid. On the 3rd of the next month a notice was served upon him to vacate the premises and a landlord's complaint was filed before Justice of the Peace Rexford C. Hyre of Lakewood, and while such proceedings were pending, an action was brought in the Common Pleas Court to enjoin the proceedings on the ground that the defenses that plaintiff had were equitable and could not be used in a court of the Justice of Peace who had no equity jurisdiction and went on to make other allegations which set up fairly the status of this case. A temporary restraining order was granted and a demurrer was filed to the petition which was overruled, and plaintiff in error not desiring to proceed further, prosecuted error to this court.

The record shows, or at least it is admitted in open court, that during all this time the plaintiff, Swimmer, had been in possession occupying this store and had paid the rent which had been accepted and he is now occupying as a tenant, and that the rent in question had long since been paid. It is urged, however, that as the complaint did not have to set up on what grounds they sought to oust the tenant, that the defendant, Swimmer, had no knowledge as to what they proposed to do or what reason they intended to advance as to why the tenant should be ousted from his leasehold, and, therefore, that this petition for injunction, to use the language of the learned counsel simply set up a man of straw to proceed to knock him down.

However, this may be, the petition sets up a cause of action and the court granted an injunction upon it and we do not see that he committed any error in doing so.

The judgment will, therefore, be affirmed.
(Sullivan, PJ., and Levine, J., concur.)